ADAMS, Justice.
The appellant, Allan W. Hooper, as executor of the estate of Kathryn Page Fischel, appeals from a determination by the probate judge that an insured premium “money market investment account” containing approximately $29,000 did not fall under the definitions of “security” or “checking account” and, therefore, pursuant to the intent of the testatrix, passed under the residuary clause of her will. We affirm.
Kathryn Page Fischel died on October 19, 1989. Her will contained the following clauses that are pertinent to this appeal:
“IV.
“I devise the following amounts and items to the hereinafter named persons with payments of monies or delivery of items to be made by my Executor to the named persons as soon as practical after by decease:
“A. To Mrs. Frank Lacy, now residing in Hoover, Alabama, the sum of $5,000.00 cash.
“B. To Lyndal Marshall, Crestmont Drive, Vestavia, Alabama, the sum of $5,000.00.
“C. To Neil Bankhead May, my oil painting of ‘The Rug Dealers,’ and all mineral rights or mineral interests wherever located.
“D. To Sheril B. Townsley, my engagement ring and wedding band.
“V.
“I devise all of the stocks and bonds and other securities of which I shall die seized and possessed, to Allan W. Hooper and Virginia Hooper, jointly and equally, with the provision that should either of them predecease me, all of the property devised by this article shall vest in the survivor of them. Jimmy Carter with the brokerage firm of J.C. Bradford at their Columbus, Mississippi, office has full knowledge of my stock portfolio.
*1019 “VI.
“I devise unto Sarah Frances Jones (Hooper) all of the rest and residue of the property of which I shall die seized and possessed to specifically include monies in my checking accounts in AmSouth Bank, Homewood Branch, and the Bank of Vernon, my 1984 Cadillac, and each and every other item owned by me which is not specifically devised hereinbefore, to be hers absolutely.”
Allan Hooper contends that the investment money market account at AmSouth Bank constituted a “security” and, therefore, that the money in that account was devised to him and his wife by the decedent. Sarah Frances Jones Hooper (Sarah Frances McCray) contends, on the other hand, that the account constituted a checking account or that, in the alternative, it should pass under the residuary clause of the will.
The trial court, in making its determination, held that the money market account did not fall within the definition of “security” set forth in § 8-6-2(10), Code of Alabama 1975:
“SECURITY. Any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preor-ganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, certificate of interest or participation in an oil, gas or mining title or lease in payments out of production under such a title or lease, annuity contract unless issued by an insurance company, bankers’ shares, trustees’ shares, investment participating bonds, investment trust debentures, units, shares, bonds and certificates in, for, respecting or based upon any form of securities or collateral, subscriptions and contracts covering or pertaining to the sale or purchase on the installment plan of any security as herein defined, or subscription or contracts covering or pertaining to the sale or purchase of beneficial interest in title to property, profits or earnings, or any right to subscribe to any of the foregoing or any instrument of any kind commonly known as a security.”
In addition, the court noted that the will made several cash bequests that would abate due to a lack of funds in the estate if the money market account were found to be a “security” or as a “checking account.” Our research has not uncovered any case-law directly on point defining a personal money market account as a “security” or a “checking account.” However, in light of the detailed list defining “security” in § 8-6-2(10), Code of Alabama 1975, supra, we conclude that the legislature would have included a “money market” account within the definition of “security” had it intended such an account to be considered a “security.” Furthermore, a money market account is different from a checking account in that the depositor may write only a limited number of checks on the account during a given length of time and, under the facts of this case, it is clear that the testatrix did not consider this account to be her checking account because she maintained another account for that purpose at the same bank. In addition, some of the withdrawals from the money market account had the notation “transfer to checking” on them; such a notation also indicates that the testatrix did not consider this account to be her checking account.
For the foregoing reasons, we conclude that the probate judge did not err in determining that the money market account passed pursuant to the residuary clause.
The judgment of the probate court is affirmed.
AFFIRMED.
MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur.